# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **GARRETT JEFFERSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 5:23-CV-350 (CAR) |
| | : | |
| **HONORABLE FRANK KENDALL,** | : | |
| **SECRETARY OF THE AIR FORCE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON MOTIONS TO APPOINT LEGAL COUNSEL
## AND FOR EXTENSION OF TIME FOR SERVICE

Currently before the Court are *pro se* Plaintiff's Motions for an extension of time to serve Defendant and retain counsel and for the Court to appoint him counsel.[1] As explained below, the Court **DENIES** Plaintiff's Motion to appoint counsel [Doc. 12] and **GRANTS** Plaintiff's Motion to extend time to serve Defendant and retain counsel [Doc. 13] **until May 20, 2024. Failure to serve Defendant by May 20, 2024, will result in the dismissal of this case.**

On November 16, 2023, the Court granted Plaintiff's counsel's motion to withdraw [Doc. 4] and gave Plaintiff until March 1, 2024, to obtain new counsel and serve his

---

[1] Along with Plaintiff's Motion to Appoint Counsel, he also includes a new Complaint. The Court construes this as his Amended Complaint.

1

Complaint upon Defendant [Doc. 8]. The Court subsequently extended this deadline until April 1, 2024 [Doc. 11].

The Court first addresses Plaintiff's request for the Court to appoint him counsel because he cannot afford legal representation. A civil plaintiff has no constitutional right to counsel, but the district court may appoint one for an indigent plaintiff.[2] However, a district court is only justified in appointing counsel in "exceptional cases, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."[3]  "Where the facts and issues are simple, he or she usually will not need such help."[4] The Court "has broad discretion in determining whether such circumstances exist."[5]  After reviewing the record and pleadings in this case, the Court finds there are no "exceptional circumstances" warranting the appointment of counsel.  This case is not so complex legally or factually as to prevent Plaintiff from presenting the essential merits of his position to the Court.  Accordingly, the Court will not appoint counsel for Plaintiff, and **DENIES** the Motion [Doc. 12].

Plaintiff also moves for an additional extension of time to serve Defendant and retain counsel. The Court has provided four-and-a-half months for Plaintiff to obtain new

---

[2] *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).
[3] *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (per curiam) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).
[4] *Kilgo*, 983 F.2d at 193.
[5] *Vickers*, 567 F. App'x at 749 (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).

counsel. **The Court will grant a final 45-day extension of time until May 20, 2024, for Plaintiff to obtain counsel and serve his Complaint. If Plaintiff does not obtain counsel, he may proceed** *pro se*, **but if he does not serve his Complaint on Defendant by May 20, 2024, his Complaint will be dismissed.** Accordingly, the Court **GRANTS** Plaintiff's Motion for Extension of Time [Doc. 13] and **ORDERS** Plaintiff to serve his Complaint on Defendant by May 20, 2024.

**SO ORDERED,** this 5th day of April, 2024.

                                                          s/ C. Ashley Royal_____
                                                          C. ASHLEY ROYAL, SENIOR JUDGE
                                                          UNITED STATES DISTRICT COURT